# IN THE SUPREME COURT OF TEXAS

No. 17-0660

ROSENBERG DEVELOPMENT CORPORATION, PETITIONER,

v.

IMPERIAL PERFORMING ARTS, INC., RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

**Argued October 11, 2018**

CHIEF JUSTICE HECHT, concurring.

I join in the Court's opinion and write separately only to point out the highly unusual features of a Class B municipally-created economic development corporation ("EDC") under the Development Corporation Act ("the Act").[1] An EDC is a nonprofit[2] created "to issue bonds on the [municipality's] behalf to finance the cost of a project, including a project in a federally designated empowerment zone or enterprise community or in an enterprise zone designated under [Texas law], to promote and develop new and expanded business enterprises for the promotion and

---

[1] TEX. LOC. GOV'T. CODE §§ 501.001–507.202. An EDC may be created and used by "a municipality, county, or district". *Id.* § 501.002(17). An EDC may be created by resolution of the entity on the application of three or more qualified voters. *Id.* § 501.051(a)–(b). A Class B EDC is one created by certain municipalities. *Id.* § 505.002.

[2] *Id.* § 501.053(a) ("A corporation is nonprofit . . . .").

encouragement of employment and the public welfare."[3] An EDC is not a political subdivision[4] and cannot be delegated a municipality's attributes of sovereignty.[5] Therefore, the Court reasons, and I agree, an EDC is not a governmental entity with immunity from suit for breach of contract, the claim in this case.

But an EDC is not liable for damages arising from the performance of its governmental functions or those of the municipality,[6] and for purposes of the Texas Tort Claims Act ("TTCA"), an EDC is a governmental unit and acts only in a governmental, not proprietary, capacity.[7] The TTCA is a waiver of a governmental unit's immunity from suit and liability in tort.[8] Applying the TTCA to EDCs implies that in the Legislature's view, at least, an EDC has a governmental unit's immunity from suit and liability in tort, otherwise there would be nothing to waive. Indeed, because an EDC can act only in a governmental capacity under the TTCA, its immunity is broader than its

---

[3] *Id.* § 501.006.

[4] *Id.* § 501.055(b) ("A corporation is not a political subdivision or a political corporation for purposes of the laws of this state, including Section 52, Article III, Texas Constitution.").

[5] *Id.* § 501.010 ("A unit may not delegate to a corporation any of the unit's attributes of sovereignty, including the power to tax, the power of eminent domain, and the police power.").

[6] *Id.* § 505.106(a) ("The following are not liable for damages arising from the performance of a governmental function of a Type B corporation or the authorizing municipality: (1) the corporation; (2) a director of the corporation; (3) the municipality; (4) a member of the governing body of the municipality; or (5) an employee of the corporation or municipality.").

[7] *Id.* § 505.106(b) ("For purposes of Chapter 101, Civil Practice and Remedies Code, a Type B corporation is a governmental unit and the corporation's actions are governmental functions.").

[8] TEX. CIV. PRAC. & REM. CODE § 101.021 ("A governmental unit in this state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."); *id.* §§ 101.0211–.029 (additional liability provisions).

2

municipality's, which can act in a proprietary capacity with more limited immunity.[9] Thus, an EDC is not a governmental entity, except for purposes of the TTCA, but can act as the government, in which case it is not liable for damages, and always acts as the government in committing torts, for which it is immune from suit or liability except as waived by the TTCA.

Under the Act, an EDC has immunity from suit and liability in tort except as waived by the TTCA—more immunity than its municipality—and while it has no immunity from suit in contract, it is not liable for damages when acting in its governmental capacity. It is not clear to me why the Legislature would allow an EDC to be sued for breach of contract but not be liable for damages. Such a suit would simply be a waste of resources. But since an EDC's expenditures must be approved by its municipality,[10] a judgment against an EDC in any circumstances may not be enforceable. Thus, although an EDC is not a governmental entity with immunity from suit, that is the practical consequence of the Act.

_____

Nathan L. Hecht
Chief Justice

Opinion delivered: March 8, 2019

_____

[9] *See id.* § 101.0215(a) ("A municipality is liable under this chapter for damages arising from its governmental functions . . . ."); *id.* § 101.0215(b) ("This chapter does not apply to the liability of a municipality for damages arising from its proprietary functions . . . .").

[10] TEX. LOC. GOV'T CODE § 501.073(a) ("The corporation's authorizing unit will approve all programs and expenditures of a corporation . . . .").